UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE HOWARD,<br><br>        Petitioner,<br><br>   v.<br><br>ROSEANNE CAMPBELL, Warden,<br><br>        Respondent. | 1:06-CV-01818 OWW LJO HC<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO PROVIDE BLANK FORM PETITION TO PETITIONER |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

     On December 13, 2006, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

     Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

     If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

B.   <u>Failure to State a Discernable Claim</u>

Petitioner must state his claim with sufficient specificity. <u>See</u> <u>Hendricks v. Vasquez</u> 908 F.2d at 491-92; <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition does not present any grounds for relief.  Petitioner does attach copies of various state court rulings and pleadings; however, it is not the province of a federal habeas court to conduct an independent review of Petitioner's state court proceedings to determine what federal claims Petitioner seeks to raise; the responsibility to assert a claim for relief unquestionably belongs to the petitioner. <u>See</u> <u>Adams v. Armontrout</u>, 897 F.2d 332,333 (8th Cir. 1990) ("We do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state record of habeas corpus petitioners to ascertain whether facts exist which support relief."); <u>Bernier v. Moore</u>, 441 F.2d 395, 396 (1st Cir.1971) ("Habeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them, nor a means of requiring the federal courts to review, as a matter of course, state proceedings."); <u>Williams v. Kullman</u>, 772 F.2d 1048, 1051 (2d Cir.1983) ("Despite our firm conviction that the pleading requirements in habeas corpus proceedings should not be overly technical and stringent, it would be unwise to saddle district judges with the burden of reading through voluminous records and transcripts in every case."). Petitioner's attachment of state court pleadings and rulings does not comport with the requirements of Rule 2(c).

Therefore, the instant petition must be dismissed. However, Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure

1  to file a petition in compliance with this order within the allotted time will result in a
2  recommendation that the petition be dismissed and the action be terminated. Petitioner is advised
3  that the amended petition should be titled "First Amended Petition" and must reference the instant
4  case number.

## ORDER

6      Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is
7  GRANTED thirty (30) days from the date of service of this order to file an amended petition in
8  compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition
9  pursuant to 28 U.S.C. § 2254.
10 IT IS SO ORDERED.
11 **Dated:    January 29, 2007**              /s/ Lawrence J. O'Neill
   b9ed48                                     UNITED STATES MAGISTRATE JUDGE