UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE HOWARD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROSEANNE CAMPBELL, Warden,<br><br>　　　　Respondent. | 1:06-CV-01818 OWW NEW (DLB) HC<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDER OF APRIL 20, 2007<br><br>ORDER RESETTING BRIEFING SCHEDULE<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR DEFAULT JUDGMENT<br>[Doc. #16] |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On July 30, 2007, Petitioner filed a motion requesting default for Respondent's alleged failure to comply with court orders. Petitioner complains that Respondent has failed to timely comply with the deadlines set by the Court and that Petitioner is therefore entitled to default. The Court rejects this contention. 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.   In <u>Townsend v. Sam</u>, 372 U.S.

1  293, 312, 83 S.Ct. 745 (1963), the Court said: "State prisoners are entitled to relief on federal habeas
2  corpus only upon proving that their detention violates the fundamental liberties of the person,
3  safeguarded against state action by the Federal Constitution." The burden to show that he is in
4  custody in violation of the Constitution of the United States is on Petitioner. The failure of State
5  officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his
6  burden of proof. Default judgments in habeas corpus proceedings are not available as a procedure to
7  empty State prisons. Therefore, the Court concludes that Petitioner is not entitled to default
8  judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d
9  652, 653 (7th Cir. 1994) (Respondent's failure to timely respond to petition does not entitle
10 Petitioner to default.).

11         As to Respondent's failure to comply with the Court's order of April 20, 2007, it appears that
12 the order was not served by the Clerk's Office on Respondent. Therefore, Respondent should not be
13 faulted for the alleged failure to comply. The Court apologizes to Petitioner for the delay caused.

14                                            **ORDER**

15         Accordingly, IT IS HEREBY ORDERED that:

16         1) The Clerk of Court is DIRECTED to serve the Order of April 20, 2007, on Respondent;
17 and

18         2) The briefing schedule set forth in the Order of April 20, 2007, is RESET as of the date of
19 service of this Order.[1]

20                                       **RECOMMENDATION**

21         Accordingly, the Court HEREBY RECOMMENDS that Petitioner's motion for default
22 judgment be DENIED.

23         This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
24 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
25 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
26 California. Within thirty (30) days after being served with a copy, any party may file written

27
28         [1]Thus, an answer addressing the merits of the first amended petition is due within ninety (90) days of the date of service of *this* order, or a motion to dismiss within sixty (60) days of the date of service of *this* order, and so forth.

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall
3 be served and filed within ten (10) court days (plus three days if served by mail) after service of the
4 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
5 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive
6 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7    IT IS SO ORDERED.

8    Dated:   **August 20, 2007**                     **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE